## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

| | | |
|---|---|---|
| **JAVID RICKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action, Case No.:** <u>5:19-cv-39-TBR</u> |
| **v.** | ) | |
| | ) | **JURY DEMAND** |
| **FOUR RIVERS NUCLEAR PARTNERSHIP,** | ) | |
| **LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Javid Ricks, by and through his undersigned counsel, and for his Complaint states as follows:

### NATURE OF THE COMPLAINT

1.      This is a civil action arising under the laws of the United States and of the State of Kentucky, and is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*, and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

### THE PARTIES

2.      Mr. Ricks is a resident of McCracken County, Kentucky.  Mr. Ricks was, at all relevant times, an employee of Defendant Four Rivers Nuclear Partnership, LLC at its facility in Paducah, McCracken County, Kentucky.

3.      Defendant Four Rivers Nuclear Partnership, LLC is a Delaware Limited Liability Company with its principal office at 9191 South Jamaica Street, Englewood, CO  80112.  Its registered agent for service of process is CT Corporation System, which may be served at 306 West Main Street, Suite 512, Frankfort, KY  40601.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Mr. Ricks' federal claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, because it raises a federal question pursuant to 28 U.S.C. § 1331.  The Court also has supplemental jurisdiction over Ms. Ricks' state-law claim pursuant to 28 U.S.C. § 1367(a)

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and employed Ms. Ricks in McCracken County, Kentucky, which is located within this judicial district.

6.      Mr. Ricks filed a timely charge of discrimination with the Equal Employment Opportunity Commission, a copy of which is attached hereto as Exhibit A.  Mr. Ricks received a Notice of Right to Sue from the EEOC with respect to the charges set forth below less than ninety days prior to the filing of this Complaint.

## FACTUAL BACKGROUND

7.      Defendant is a partnership of three Department of Energy contractors with the goal of deactivating and remediating the Paducah Gaseous Diffusion Plant.

8.      Mr. Ricks' was subjected to disparate treatment by his Front Line Manager.

9.      Mr. Ricks' Front Line Manager picked on him by, among other things, accusing Mr. Ricks of not calling in on a day he was sick.  Mr. Ricks had been unable to get in touch with his supervisor but had notified other supervisors, leading Mr. Ricks' supervisor to say he could not speak with any other supervisors.  White employees are permitted to contact other supervisors when their supervisor is not available to take an absence report.

10.    Mr. Ricks performed required Computer-Based Training modules, but the computer system did not register his activity so he printed a listing of the modules he completed from the computer system and placed them on the desk of his Front Line Manager, but the supervisor rejected the printout and accused Mr. Ricks of lying about his training.  White employees have been permitted to simply handwrite the modules they claimed to have performed or orally notify their supervisors with no repercussions.

11.    When Mr. Ricks followed protocol by communicating required information by radio, his Front Line Manager aggressively ordered him to get off the radio.

12.    Mr. Ricks' Front Line Manager engaged in a serious safety violation by opening a valve near an employee without giving notice.  This required several employees to be evacuated.

13.    As a result of this and other unsafe acts by Mr. Ricks' Front Line Manager, Mr. Ricks could not work overtime because of the risk of being alone with the supervisor.

14.    On one occasion, when the Front Line Manager was offering overtime work, when a white employee rejected the overtime hours, the supervisor said, "What are you, nigger rich?" to the white employee.

15.    The Front Line Manager was reassigned for two weeks then returned to his job overseeing the work of Mr. Ricks.

16.    On another occasion, when Mr. Ricks' stomach hurt from over-hydrating, Mr. Ricks asked to rest for a minute to gather himself before stepping into a sensitive area but his Front Line Manager instead pulled off Mr. Ricks' personal protective equipment and ordered him to go to the medical clinic, though he was neither injured nor sick.

17.    After Mr. Ricks complained to Defendant about these matters, Defendant and its union agreed that the Front Line Manager would not have any contact with or oversight of union

personnel, but the Front Line Manager continued to enter buildings in which Mr. Ricks was working and ask questions about his and other employees' activities.

18.    Defendant's treatment of Mr. Ricks was because of his race.

19.    The actions of Defendant complained of herein were intentional, willful, deliberate, knowing, and malicious.

20.    As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Mr. Ricks has suffered pecuniary losses in the form of lost income and lost employment benefits as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

## COUNT I

### RACIAL HARASSMENT OR RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

21.    Mr. Ricks realleges and incorporates herein the allegations contained in Paragraphs 1 – 20.

22.    Defendant's actions alleged herein constitute harassment or discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*

23.    Mr. Ricks' race was a motivating factor in Defendant's treatment of him.

24.    Defendant's actions on the basis of Mr. Ricks' race were willful and knowingly committed.

25.    As a direct and proximate result of Defendant's adverse treatment of Mr. Ricks in violation of the Title VII of the Civil Rights Act of 1964, Mr. Ricks was injured and suffered damages.

26.    Mr. Ricks has sustained a loss of back pay, benefits, incidental expenses, and front pay.

27.     Defendant engaged in the discriminatory practices alleged in the first cause of action with malice and/or with reckless indifference to Mr. Ricks' federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981a(a) & (b).

## COUNT II

### RACIAL HARASSMENT OR RACIAL DISCRIMINATION IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT

28.     Mr. Ricks realleges and incorporates herein the allegations contained in Paragraphs 1 – 27.

29.     Defendant's conduct constitutes illegal racial harassment or racial discrimination in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

30.     As a result of Defendant's conduct, Mr. Ricks suffered damages.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Ricks respectfully prays as follows:

1.     That Defendant be served and required to answer within the time prescribed by law;

2.     That a jury of eight try this cause;

3.     That, upon the trial of this matter, Mr. Ricks be awarded judgment for damages of the lost compensation he has suffered from the date of Defendant's unlawful actions in an amount to be proven at trial;

4.     That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5.      That Mr. Ricks be awarded additional compensatory damages, including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation, in an amount to be proven at trial;

6.      That Defendant be ordered to pay punitive damages pursuant to Count I in an amount to be determined at trial;

7.      That costs and attorneys' fees be assessed against Defendant pursuant to 42 U.S.C. § 2000e-5(k) and Ky. Rev. Stat. § 344.450;

8.      That costs and discretionary costs be taxed against Defendant;

9.      That pre-Judgment and post-Judgment interest be assessed against Defendant, as provided by law;

10.     That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

11.     For such other and further relief as the Court may find appropriate.

Respectfully Submitted,

_s/ D. Wes Sullenger_____
D. Wes Sullenger, KY BAR # 91861
                    TN BPR # 021714


Boehl, Stopher, & Graves, LLP
410 Broadway
Paducah, KY  42001
Voice: (270) 442-4369
Fax:    (270) 442-4689

wsullenger@bsgpad.com

*Attorney for the Plaintiff,*
*Javid Ricks*

6